1  Timothy J. Long (State Bar No. 137591)
   tjlong@orrick.com
2  Lauri A. Damrell (State Bar No. 241010)
   ldamrell@orrick.com
3  ORRICK, HERRINGTON & SUTCLIFFE LLP
   777 South Figueroa Street, Suite 3200
4  Los Angeles, CA 90017
   Telephone: (213) 629-2020; Facsimile: (213) 612-2499
5
   Michael D. Weil (State Bar No. 209056)
6  mweil@orrick.com
   ORRICK, HERRINGTON & SUTCLIFFE LLP
7  The Orrick Building
   405 Howard Street
8  San Francisco, CA 94105-2669
   Telephone: (415) 773-5700; Facsimile: (415) 773-5759
9
   Attorneys for Defendants CVS CAREMARK
10 CORPORATION and CVS PHARMACY, INC.

11 Arthur Kim (State Bar No. 212700)
   akim@arthurkimlaw.com
12 Claudia Prieto (State Bar No. 265727)
   cprieto@arthurkimlaw.com
13 LAW OFFICES OF ARTHUR KIM
   9301 Wilshire Blvd., Suite 610
14 Beverly Hills, CA 90210
   Telephone: (310) 246-0316; Facsimile (310) 246-0328
15
   Attorneys for Plaintiffs JOSEPH ARCE and AMBER
16 SHOTWELL

17                UNITED STATES DISTRICT COURT

18                CENTRAL DISTRICT OF CALIFORNIA

19                      WESTERN DIVISION

20 JOSEPH ARCE, individually and on behalf     Case No. CV10-02419 SJO (PJWx)
   of all others similarly situated; and AMBER
21 SHOTWELL, individually and on behalf of     **PROTECTIVE ORDER RE**
   all others similarly situated,              **USE OF CONFIDENTIAL**
22                                              **INFORMATION**
              Plaintiffs,
23                                             Judge: Honorable S. James Otero
         v.
24
   CVS CAREMARK CORPORATION, a
25 Delaware Corporation; CVS PHARMACY,
   INC., a Rhode Island Corporation;
26 CVS/PHARMACY, a business
   organization, form unknown; and DOES 1-
27 500, inclusive,

              ~~Defendants.~~
28

Pursuant to Federal Rule of Civil Procedure 26(c), it is hereby stipulated and agreed by and between the parties that the terms and conditions of this stipulated protective order shall govern the handling of documents, things, and information exchanged in this action. The parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protections afforded through this Protective Order extend only to the Confidential Information or Confidential Information – Attorneys' Eyes Only entitled to treatment as confidential under applicable legal principles. The parties hereby submit the following stipulation and, good cause appearing, move the Court to approve the Stipulation as a Protective Order.

## **STIPULATION**

Subject to and without waiving any objections any party may have as to the discoverability of any information, and without waiving any objections or legal claims any party may have (including but not limited to any objections or legal claims arising out of the acquisition, retention, or other handling of documents containing confidential or proprietary information), and solely for the purpose of providing procedures for the handling and protection of "Confidential Information" or "Confidential Information – Attorneys' Eyes Only" as defined herein, the parties to this action hereby agree on the following procedures for handling such Confidential Information. Certain documents, things and information disclosed may constitute or contain trade secrets, or other secret, proprietary, private, or confidential information. This information may include, but is not limited to, personnel data of persons not a named party to this action, CVS's strategic planning and compensation information, CVS's confidential and proprietary business policies and procedures, point-of-sale data, customer data, and earnings data.

/ / /
/ / /

The parties hereby agree that access to and use of such documents, things and information shall be governed and limited by the provisions of this Protective Order as set forth herein, subject to the approval of the Court.

### A. DEFINITION OF CONFIDENTIAL INFORMATION

1. "Confidential Information," as used herein, means any type or classification of information, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise, which the Designating Party believes in good faith is not generally known to others and which the Designating Party: (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence; or (ii) believes in good faith is protected by a right to privacy under federal, state or foreign law or any other applicable privilege or right related to confidentiality or privacy. The supplying party shall designated the material as "Confidential" when it is produced, or (b) which is designated by a receiving party as "Confidential" by stating in writing the specific pages of the information to be so designated, within twenty business days after receipt of the information for which the designation is proposed. In designating information as Confidential Information, the party so designating will make such designation only as to that information it believes contains secret, confidential, private, and/or proprietary information that must be protected against disclosure to non-parties. Each party shall exercise good faith in designating information as Confidential Information.

2. "Confidential Information – Attorneys' Eyes Only" as used herein, whether it be a document, information contained in a document, information revealed during a deposition, information exchanged in discovery, or otherwise, shall be (a) designated as "Confidential – Attorneys' Eyes Only" when it is produced by the supplying party, or (b) which is designated by a receiving party as "Confidential – Attorneys' Eyes Only" by stating in writing the specific pages of

the information to be so designated, within twenty business days after receipt of the information for which the designation is proposed. In designating information as Confidential Information – Attorneys' Eyes Only, the party so designating will make such designation only as to that information it believes contains secret, confidential, private, and/or proprietary information of the most sensitive nature that must be protected against disclosure to anyone other those persons designated in Section C(2), below. Each party shall exercise good faith in designating information as Confidential Information – Attorneys' Eyes Only.

**B.   PROCEDURE FOR DESIGNATING MATERIAL AS CONFIDENTIAL INFORMATION**

1.   Confidential Information shall include all documents provided by a party that have been designated as confidential by marking the page: "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY." In lieu of marking the original of documents, the party may mark the copies that are produced or exchanged.

2.   Any party to this action may designate Confidential Information as "Confidential Information" or "Confidential Information – Attorneys' Eyes Only" where the party exercises reasonable discretion in making the designation and where the designation is made upon a good faith belief that such information may reasonably be considered "Confidential Information" or "Confidential Information – Attorneys' Eyes Only." Mass, indiscriminate or routinized designations are improper and no party waives the right to challenge any other party's designation. Each supplying party must take care to limit any designation to materials that qualify under the standards set forth herein and shall not designate information as "Confidential Information" or "Confidential Information – Attorneys' Eyes Only" where such a designation is clearly unjustified or is made for an improper purpose (*e.g.*, to unnecessarily encumber the case development process or to impose unnecessary expense and burdens on other parties).

3. The identification of information as Confidential Information or Confidential Information – Attorneys' Eyes Only by a supplying party shall be made at a time when an answer to an interrogatory or an answer to a request for admission is served, when a copy of a document is provided to the other party, and when an inspection of premises or tangible things is made.

4. The identification of information as Confidential Information or Confidential Information – Attorneys' Eyes Only by a receiving party shall be made in writing within twenty business days of such receipt by stating in writing which specific pages are to be marked Confidential Information or Confidential Information – Attorneys' Eyes Only. Confidential Information or Confidential Information – Attorneys' Eyes Only may only be read by the Qualified Persons, described below, during said twenty business day period. Every party shall in such cases mark every page so identified in his or her possession, custody or control with an appropriate marking identifying the information as Confidential Information or Confidential Information – Attorneys' Eyes Only.

5. Information disclosed at a deposition may be designated as confidential by either (a) indicating on the record at the deposition that the testimony is Confidential Information or Confidential Information – Attorneys' Eyes Only and subject to the provisions of this Order or (b) designating those pages and lines of or exhibits to the transcript as Confidential Information or Confidential Information – Attorneys' Eyes Only by notifying the opposing party in writing within twenty business days of the receipt of the transcript of those pages and lines or exhibits that contain Confidential Information or Confidential Information – Attorneys' Eyes Only. During the twenty day period, the transcript or exhibits containing Confidential Information or Confidential Information – Attorneys' Eyes Only must be separately bound by the court reporter, who must mark or designate pages containing such information as "Confidential Information" or "Confidential Information – Attorneys' Eyes Only," as instructed by counsel for the party

designating the transcript or exhibit, or portions thereof, Confidential Information or Confidential Information – Attorneys' Eyes Only. Confidential Information or Confidential Information – Attorneys' Eyes Only may only be read by the Qualified Persons, described below, during said twenty business day period.

6. If any party believes that a document or other information, which has been designated as Confidential Information or Confidential Information – Attorneys' Eyes Only, should not properly be treated as so designated, that party will notify the disclosing party of its disagreement with the confidential designation. Counsel for the parties will then endeavor to reach an agreement regarding the status of that document or information within ten days. If no agreement can be reached after ten days, the party designating the document or information as Confidential Information shall file a motion for relief under Local Rule 37 or Local Rule 79-5.1, if applicable, within fourteen court days thereafter and specify the prejudice or harm that will result if such document or information is not designated as confidential. Nothing in this Protective Order allocates or reallocates any substantive burdens with respect to confidentiality; the party asserting confidentiality has the burden of establishing that the document or information at issue is entitled to confidential treatment. Until the Court resolves the motion, the document will be treated as designated subject to the terms of this protective order.

7. In the event that a party or nonparty makes documents available for inspection, rather than delivering copies to another party, no marking need be made in advance of the initial inspection. For purposes of the initial inspections, all documents produced shall be considered as marked as "Confidential Information." Thereafter, upon the inspecting party's selection of documents for copying, the party producing the documents may mark the copies as "Confidential Information" or "Confidential Information – Attorneys' Eyes Only" pursuant to paragraphs 1 and 3 above.

C. **QUALIFIED PERSONS WITH ACCESS TO CONFIDENTIAL INFORMATION**

1. Information or material designated as "Confidential Information," or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part to the following Qualified Persons:

　　(a) counsel of record for the respective parties in this action, and the attorneys, paralegals, and staff employed by counsel whose assistance is necessary for purposes of this action;

　　(b) Plaintiffs and Defendant(s) and their employees;

　　(c) fact witnesses providing testimony by deposition or at any court proceeding in this case, subject to and in compliance with Section C3 herein;

　　(d) consultants and experts retained or employed to assist the attorneys of named parties in the preparation of this litigation for trial, such as statisticians, economists, accountants, or other technical or legal experts or consultants, subject to and in compliance with Section C3 herein.

　　(e) the Courts, arbitrators, and mediators and the personnel of any of the foregoing;

　　(f) court reporters and videographers employed in connection with this action;

　　(g) graphics or design services retained by counsel for a party for the sole purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this action, subject to and conditioned upon compliance with Section C3 herein;

　　(h) non-technical jury or trial consulting services retained by counsel for a party, subject to and conditioned upon compliance with Section C3 herein;

///

1      (i)    any other person upon order of the Court or upon prior written consent of the parties; and

    (j)    any of the Qualified Persons having access to "Confidential Information –

Attorneys' Eyes Only."

2.    Information or material designated as "Confidential Information – Attorneys' Eyes Only," or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following Qualified Persons:

    (a)    counsel of record for the respective parties in this action, CVS's in-house counsel who are directly involved in the legal decisions and strategies of this litigation and the attorneys, paralegals, staff employed by counsel whose assistance is necessary for purposes of this action;

    (b)    consultants and experts retained or employed to assist the attorneys of named parties in the preparation of this litigation for trial, such as statisticians, economists, accountants, or other technical or legal experts or consultants, subject to and in compliance with Section C3 herein.

    (c)    the Courts, arbitrators, and mediators and the personnel of any of the foregoing;

    (d)    court reporters and videographers employed in connection with this action;

    (e)    graphics or design services retained by counsel for a party for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this action, subject to and conditioned upon compliance with Section C3 herein;

///

///

   (f) non-technical jury or trial consulting services retained by counsel for a party, subject to and conditioned upon compliance with Section C3 herein; and

   (g) any other person only upon order of the Court or upon written consent of the parties.

  3. All persons listed in Sections C1(c), (d), (g) and (h) above may be given access to information or material designated as "Confidential," provided that they first confirm their understanding and agreement to abide by the terms of this Protective Order by completing and signing a copy of an undertaking in the form attached hereto as Exhibit A.  Similarly, all persons listed in Sections C2(b), (e), and (f) above may be given access to information or material designated as "Confidential - Attorneys' Eyes Only" provided that they first confirm their understanding and agreement to abide by the terms of this Protective Order by completing and signing a copy of an undertaking in the form attached hereto as Exhibit A.

  4. Any person may be examined as a witness during a deposition concerning any information or material designated as "Confidential" or "Confidential – Attorneys' Eyes Only" which that person had lawfully received or authored prior to and apart from this action.  During examination, any such witness may be shown information or material designated as "Confidential" or "Confidential – Attorneys' Eyes Only" by a party which appears on its face or from other documents or testimony to have been received or authored by that witness from, or communicated to that witness by, that same party or otherwise appears on its face to contain information about which it appears reasonably likely that the witness has discoverable information, provided that the examining party obtains the witness' compliance with Section D.

/ / /

/ / /

### D. RESTRICTIONS ON THE USE AND DISCLOSURE OF CONFIDENTIAL INFORMATION

1.  Any information designated as Confidential Information or Confidential Information – Attorneys' Eyes Only may only be made available or disclosed to the Qualified Persons identified in Section C. Persons who, by virtue of the conduct of this litigation, have knowledge of the designated Confidential Information or Confidential Information – Attorneys' Eyes Only shall not suffer or permit its disclosure or that of any information obtained, derived, compiled, or ascertained therefrom, to any person or persons not entitled under this Protective Order to receive such information.

2.  Disclosure of all items designated as Confidential Information or Confidential Information – Attorneys' Eyes Only in this action shall be solely for the purposes of this action, (*i.e.*, *Arce, et al. v. CVS Caremark Corporation, et al.*, Case No. CV10-02419 SJO (RCx) (U.S. District Court, Central District of California)) unless and until such designation is removed either by stipulation by attorneys for the named parties or by order of the Court.

3.  With respect to information designated as Confidential Information or Confidential Information – Attorneys' Eyes Only, copies of documents, testimony, or other information shall only be received, kept, or maintained by the Qualified Persons as defined above.

4.  Any party who seeks to file any document or other item designated "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY" must lodge the documents along with a Request for Sealing pursuant to Civil Local Rule 79-5. Designation of documents as Confidential Information does not entitle the parties to have those documents filed under seal.

///

///

The documents shall be submitted in an appropriate envelope labeled with the case name and number and the title of the documents. All envelopes containing any Confidential Information that are submitted to the Court shall carry the following notation on the cover:

**CONFIDENTIAL - THIS DOCUMENT IS SUBJECT TO
A PROTECTIVE ORDER ISSUED BY THE COURT
AND MAY NOT BE EXAMINED OR COPIED
EXCEPT IN COMPLIANCE WITH THAT ORDER.**

Unless otherwise ordered by the Court, within ten days after any request for sealing is filed, any party claiming confidentiality for the information for which sealing is requested shall serve and file declaration(s) from competent witnesses setting forth specific facts demonstrating that sealing is warranted under Rule 26(c). *See* Local Rule 79-5 and commentary thereto.

E. **NON-APPLICABILITY TO THE TRIAL OF THIS ACTION**

The terms of this Order shall not prevent any party from using Confidential Information or Confidential Information – Attorneys' Eyes Only for a trial in this matter, subject to the Federal Rules of Civil Procedure and the Local Rules of this Court, including Local Rule 16. Any Confidential Information or Confidential Information – Attorneys' Eyes Only that can be introduced at trial shall not include confidentiality designation stamps. However, removal of such stamps does not alter the status of the information as confidential unless it is admitted into evidence by the Court, in which case the evidence will become public knowledge unless the Court orders otherwise. Any party may, at or before the time of trial, seek an order of the Court to restrict access to particular documents or testimony in the trial.

/ / /

/ / /

/ / /

### F. NO ADMISSION OR WAIVERS

The execution of this Order shall not:

1. constitute a waiver of any party's right to seek from the Court at a future time an order which provides greater, lesser or no restriction of access to Confidential documents or information; or

2. be construed as an admission or agreement that any document or information designated as Confidential is, in fact, confidential or otherwise entitled to any protective relief whatsoever. A failure by any party to challenge a confidentiality designation does not constitute a waiver of the right to contest such a designation at a subsequent time.

### G. INADVERTENT DISCLOSURE

Any inadvertent production of documents containing privileged information shall not be deemed a waiver of the attorney-client privilege, work product doctrine, or any other applicable privilege or doctrines protecting against disclosure of confidential information or other third party private information. All parties specifically reserve the right to demand the return of any and all privileged documents that they may produce inadvertently during discovery if the producing party determines that such documents contain privileged information. After receiving notice of such inadvertent production by the producing party, the receiving party agrees to make reasonable and good faith efforts to immediately locate and return to the producing party all such inadvertently produced documents. Additionally, the receiving party agrees to identify all unqualified persons having received all such inadvertently produced documents.

### H. RETURN OF DOCUMENTS

1. Unless otherwise agreed in writing, within sixty days of final termination of this litigation, the parties to this litigation shall deliver to the party designating materials as Confidential Information or Confidential Information –

1 Attorneys' Eyes Only pursuant to this Protective Order any documents containing
2 such Confidential Information (including any copies thereof).

3     2.    In addition, within sixty days of final termination of this litigation,
4 either party may file a motion requesting that any attorney work product documents
5 which incorporate or reference particular Confidential Information or Confidential
6 Information – Attorneys' Eyes Only pursuant to this Protective Order be: (1)
7 destroyed; (2) redacted to delete all references to the Confidential Information or
8 Confidential Information – Attorneys' Eyes Only; and/or (3) sealed for a specified
9 period of time and subsequently destroyed. The other party shall have the right to
10 oppose that motion, any other provision of this Stipulation and Protective Order
11 notwithstanding. The Court shall retain jurisdiction after termination of this action
12 to hear any such motion and to enforce any order or ruling issued in connection
13 with such a motion.

14     I.    **MISCELLANEOUS**
15     1.    Nothing in this Protective Order abridges any parties' right to seek its
16     subsequent modification by the Court.

17 / / /
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Respectfully submitted,

Dated:   August 10, 2010           TIMOTHY J. LONG
                                   MICHAEL D. WEIL
                                   LAURI A. DAMRELL
                                   Orrick, Herrington & Sutcliffe LLP


                                   _____/s/ Lauri A. Damrell_____
                                   LAURI A. DAMRELL
                                   Attorneys for Defendants
                                   CVS CAREMARK CORPORATION and
                                   CVS PHARMACY, INC.

Dated:   August 9, 2010            ARTHUR KIM
                                   CLAUDIA PRIETO
                                   Law Offices of Arthur Kim


                                   _____/s/ Arthur Kim_____
                                   ARTHUR KIM
                                   Attorneys for Plaintiffs
                                   JOSEPH ARCE and AMBER SHOTWELL


I hereby attest that the concurrence in the filing of this document has been obtained from Arthur Kim, Attorneys for Plaintiffs JOSEPH ARCE and AMBER SHOTWELL.

Dated: August 10, 2010

                                   _____/s/ Lauri A. Damrell_____
                                   LAURI A. DAMRELL
                                   Attorneys for Defendants
                                   CVS CAREMARK CORPORATION
                                   and CVS PHARMACY, INC.

## EXHIBIT A: CONFIDENTIAL UNDERTAKING

I acknowledge that I have read and I am fully familiar with the Stipulation and Protective Order in the consolidated matters of *Arce, et al. v. CVS Caremark Corporation, et al.,* Case No. CV10-02419 SJO (RCx) (U.S. District Court, Central District of California), and that I fully understand the terms of the Court's Order. I recognize that I am bound by the terms of that Order, and I agree to comply with those terms. I hereby consent to be subject to the personal jurisdiction of the United States District Court for the Central District of California in respect to any proceedings relative to the enforcement of that Order, including any proceeding related to contempt of court.

Dated:_____

_____
Signature

_____
Name

_____
Address

| | |
|---|---|
| 1 | Timothy J. Long (State Bar No. 137591)<br>tjlong@orrick.com |
| 2 | Lauri A. Damrell (State Bar No. 241010)<br>ldamrell@orrick.com |
| 3 | ORRICK, HERRINGTON & SUTCLIFFE LLP<br>777 South Figueroa Street, Suite 3200 |
| 4 | Los Angeles, CA 90017<br>Telephone: (213) 629-2020; Facsimile: (213) 612-2499 |
| 5 | |
| 6 | Michael D. Weil (State Bar No. 209056)<br>mweil@orrick.com |
| 7 | ORRICK, HERRINGTON & SUTCLIFFE LLP<br>The Orrick Building |
| 8 | 405 Howard Street<br>San Francisco, CA 94105-2669 |
| 9 | Telephone: (415) 773-5700; Facsimile: (415) 773-5759 |
| 10 | Attorneys for Defendants CVS CAREMARK<br>CORPORATION and CVS PHARMACY, INC. |
| 11 | Arthur Kim (State Bar No. 212700)<br>akim@arthurkimlaw.com |
| 12 | Claudia Prieto (State Bar No. 265727)<br>cprieto@arthurkimlaw.com |
| 13 | LAW OFFICES OF ARTHUR KIM<br>9301 Wilshire Blvd., Suite 610 |
| 14 | Beverly Hills, CA 90210<br>Telephone: (310) 246-0316; Facsimile (310) 246-0328 |
| 15 | |
| 16 | Attorneys for Plaintiffs JOSEPH ARCE and AMBER<br>SHOTWELL |

17   UNITED STATES DISTRICT COURT

18   CENTRAL DISTRICT OF CALIFORNIA

19   WESTERN DIVISION

| | | |
|---|---|---|
| 20 | JOSEPH ARCE, individually and on behalf of all others similarly situated; and AMBER SHOTWELL, individually and on behalf of all others similarly situated, | Case No. CV10-02419 SJO (RCx) |
| 21 | | **ORDER GRANTING PROTECTIVE ORDER RE USE OF CONFIDENTIAL INFORMATION** |
| 22 | | |
| 23 | Plaintiffs,<br>v. | |
| | | Judge: Honorable S. James Otero |
| 24 | CVS CAREMARK CORPORATION, a Delaware Corporation; CVS PHARMACY, INC., a Rhode Island Corporation; CVS/PHARMACY, a business organization, form unknown; and DOES 1-500, inclusive, | |
| 25 | | |
| 26 | | |
| 27 | | |
| | ~~Defendants.~~ | |
| 28 | | |

OHS West:260968111.1

1 | Pursuant to the parties' Stipulated Protective Order Re Confidential
2 | Information filed with this Court on August 10, 2010, the Order is hereby granted.

3
4
5 | DATED: 8/20/2010
6 | Hon. ~~Rosalyn M. Chapman~~ Patrick J. Walsh
United States Magistrate Judge

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28